<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEN KOZIO, | |
| Plaintiff, | |
| v. | Civil Action No.: 12-00116 (PGS) |
| MCCARTHY'S MARINE SALES, INC., BOSTON WHALER, abc COMPANY XYZ CORPORATIONS, | MEMORANDUM & ORDER |
| Defendants. | |

**ARPERT, Magistrate Judge**

This matter came before the Court on Plaintiff Ken Kozio's ("Plaintiff") Motion to Disqualify Mr. Nicholas Sylvestro ("Expert") as Plaintiff's expert, Motion to Strike Expert's Report, and Motion for Leave to Amend the Complaint [dkt. no. 14]. Defendants McCarthy's Marine Sales, Inc. and Boston Whaler (collectively, "Defendants") opposed Plaintiff's Motion [dkt. nos. 17, 18]. The Court heard oral argument from the Parties on July 17, 2013. For the reasons stated on the record and below, Plaintiff's Motion is **GRANTED**, in part, and **DENIED**, in part.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

At its core, this is a breach of contract case. Plaintiff claims he did not receive the boat he negotiated and contracted for from Defendants. According to Plaintiff, Defendants misrepresented certain amenities of the boat at issue, including: the presence of a "Raw Water Wash-down"; the boat being "Pre-wired" for a trolling motor; and whether the boat could be fitted for a "Jack Plate." <u>See</u> Am. Compl. at 2.

Plaintiff claims to have engaged Mr. Sylvestro as an expert witness after several discussions and assurances by Mr. Sylvestro regarding his qualifications. The Parties participated in a joint inspection of the boat in Florida on March 4, 2013. On March 13, 2013, Plaintiff served Defendants with Mr. Sylvestro's report. Defendants deposed Mr. Sylvestro on April 18, 2013 in Tampa, Florida.

Plaintiff now seeks: (1) to disqualify his expert; and (2) to strike his expert's testimony from the record. Plaintiff also seeks leave to amend his Complaint in order to abandon his allegations of fraud in favor of allegations of negligent misrepresentation on the part of the Defendants.

## II. DISCUSSION

### 1. Motion for Disqualification

Plaintiff seeks to disqualify his own expert witness because he allegedly misrepresented his qualifications to Plaintiff and lied under oath about his inspection of the boat. In support of his Motion, Plaintiff points only to the misrepresentations he claims Expert made to him about his qualifications and cites no legal standard. Defendants maintain that this is not grounds for the Court to disqualify Expert.

According to Plaintiff, Expert stated that he had previously been involved as an expert in other litigation; specifically, that he had been deposed and prepared reports prior to serving as an expert for Plaintiff. During the deposition, however, Expert revealed that he had never been hired as an expert nor been qualified as an expert by any court. See Apr. 18, 2013 Sylvestro Dep. at 20:191.

As Plaintiff has not cited any legal support for disqualification, the Court agrees with Defendants and denies Plaintiff's request for disqualification. In the interest of fairness, Plaintiff

may, however, retain a new expert. Defendants, though, may seek reimbursement of all costs incurred in connection with their deposition of Mr. Sylvestro. Defense counsel are permitted leave to file appropriate certifications by August 2, 2013. Accordingly, this aspect of Plaintiff's Motion is **DENIED**.

2. **Motion to Strike**

Plaintiff asserts that Expert based his opinions on an investigation that did not take place and, therefore, that his testimony and report should be excluded as unreliable. In support of this assertion, Plaintiff claims in his Certification that, "to [his] knowledge," Expert never investigated in the manner he testified he had. See Pl.'s Cert. at 1. Defendants argue that Expert's testimony cannot be struck from the record regardless of whether he is dismissed as Plaintiff's expert.

The Court agrees with Defendants. Though he may not necessarily be used as an expert in Plaintiff's case, Expert is a fact witness and has given sworn testimony based on personal knowledge of the boat from his inspection. While the fact finder will be free to accord this evidence whatever credibility and weight he or she sees fit, Expert's testimony and report is nonetheless relevant evidence. Expert's testimony and report, therefore, will not be excluded. Accordingly, this aspect of Plaintiff's Motion is **DENIED**.

3. **Motion to Amend**

Finally, Plaintiff wishes to supplant the fraudulent misrepresentation claims in his Complaint with claims of negligent misrepresentation. The Parties have reached an agreement to permit Plaintiff's proposed amendments. Subject to the terms agreed to by the Parties on the record, this aspect of Plaintiff's Motion is **GRANTED**.

### III.  CONCLUSION & ORDER

The Court has considered the papers submitted and the argument of counsel; for the reasons set forth on the record and above;

**IT IS** this 23rd day of July 2013,

**ORDERED** that Plaintiff's Motion to Disqualify is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Strike is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Amend is **GRANTED**.

**s/ Douglas E. Arpert**
**DOUGLAS E. ARPERT, U.S.M.J.**
